**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CR-20731-KMM**

**UNITED STATES OF AMERICA,**

v.

**HEVERT GODOY BENALCAZAR,**

      **Defendant.**

_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C § 3582(c)(2)**

      The United States opposes Defendant Hevert Godoy Benalcazar's motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 821's reduction for certain "status-point" offenders (DE 78). The Defendant is not eligible for relief because he was not assessed any status points at sentencing.

**BACKGROUND**

      In 2019, the United States Coast Guard caught the Defendant and his co-defendants aboard a vessel with 1,140 kilograms of cocaine (DE 55 ("PSI") ¶¶ 8–11). The Defendant pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (DE 35).

      At sentencing, Probation calculated a total offense level of 37, including a two-level enhancement for using a semi-submersible vehicle (PSI ¶¶ 20, 28). Probation computed a criminal history category of II, consisting of three points for the Defendant's 2009 cocaine-smuggling conviction (*id.* ¶¶ 31–32). The resulting guideline range was 235-293 months' imprisonment (*id.* ¶ 59).

The Court disagreed with Probation, finding the two-level enhancement for using a semi-submersible vehicle did not apply (Statement of Reasons at 1). With a total offense level of 35 and criminal history category of II, the guideline range became 188 to 235 months' imprisonment (*id.*). The Court sentenced the Defendant to the bottom of the range, 188 months' imprisonment (DE 62 at 2).

The Defendant is currently serving his sentence at Miami FCI, with an anticipated release date of February 19, 2032 (*see* https://www.bop.gov/inmateloc/).

## LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences cannot be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Essentially, the statute created a two-step inquiry. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief. *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowered the defendant's guideline range *and* relief is consistent with applicable policy statements. *Id*. Importantly, the applicable policy statement here sets a floor— a court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United*

*States*, 560 U.S. 817, 827 (2010) ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").[1]

Second, if a defendant is eligible for relief, the court must consider the § 3553(a) factors,[2] *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

If a defendant is eligible for relief and the § 3553(a) factors weight in favor of a reduced sentence, the court should issue an order reducing the defendant's sentence to one within the amended guideline range. But, although the amendment went into effect on November 1, 2023, the Sentencing Commission has determined that any order reducing a defendant's sentence cannot have an effective date prior to February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) (effective November 1, 2023).[3] "A reduction based on the retroactive application of Part A or Part B, Subpart 1 of Amendment 821 that does not comply with the requirement that the order take effect no earlier than February 1, 2024, is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n. 7.

---

[1] There is one exception, not applicable here, for cases where the government filed a motion for substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B).

[2] The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

[3] If a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under the new amendment.

3

## ARGUMENT

The Defendant is ineligible for a sentence reduction under Part A of Amendment 821 because the Defendant did not receive status points. Part A of Amendment 821 affects only § 4A1.1's assessment of status points used to calculate a defendant's criminal history category. At sentencing, the Court did not assess any status points for the Defendant (*see* PSI ¶ 32; Statement of Reasons at 1). Thus, § 4A1.1's new status-point-rules have no bearing on the Defendant's criminal history category. With the Defendant's criminal history category unchanged, his guideline range remains the same. As such, the Defendant is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

## CONCLUSION

For the reason above, the Court should deny the Defendant's motion.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Michael Brenner
Assistant United States Attorney
Florida Bar No. 1011238
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9052
Email: Michael.Brenner@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day I electronically filed the foregoing document and its attachment with the Clerk of the Court using CM/ECF. The document and its attachment will be sent by United States Mail to *pro se* Defendant Hevert Godoy Benalcazar, #51334-018, Miami FCI, Mail/Parcels PO Box 779800, Miami, Florida 33177.

Michael Brenner
Assistant United States Attorney