# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Hevert Julian Goday
(Petitioner)

v.

United States of America
(Respondant)

Case No. 1:19-CR-20731

FILED BY _____ D.C.
Sign Shore Inver
JAN 27 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION FOR REDUCTION OF SENTENCE, PURSUANT TO 18 U.S.C. § 3582(c)(2), IN LIGHT OF THE NEW AMENDMENT § 2D1.1, AND § 1B1.10(d).

NOW COMES, Petitioner Hevert Julian Goday acting Pro Se, moving this Honorable Court to entertain this motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2), in which the United States Sentencing Commission on November 1, 2025, unanimosly agreed to the retroactive application of Amendment § 2D1.1, and § 1B1.10(d), for defendant's with drugs cases, the proposed Amendment provides a new range for the reducing the defendant's term of imprisonment, which has an effect on November 1, 2025. In light of the aforementioned synopsis, the petitioner move humbly before this Honorable Court requesting the application of the retroactive Amendment 2D1.1.

## I.    RELEVANT FACTS

1. Defendant was convicted in the above District Court for violating <u>21 U.S.C. §960(b)(1)(B), 46 U.S.C. §70506(b), 18 U.S.C. § 2285</u>

2. On <u>12-05-2019</u>, the District Court sentence petitioner to be imprisoned for a term of <u>188</u> months follow of <u>5</u> years of probation.

3. Petitioner has maintained clear conduct, no incident report or any disciplinary action was ruled against him.

4. In the case of the petitioner, under the factors set forth in section **3553(a)**, defendant alleged role in the underlying offense, in which the BOP's create their own risk assessment tool in which is basic on scientific metric that consider an inmate's entire history, "Risk Assessment - PATTERN", including program completion and disciplinary record, to predict future risk. See: First Step Act. of 2018, Pub. L. No. 115-391, 132 Stat. 5194. A minimum score is the best possible rating, signifying that I pose a minimal statistical probability of reoffending. The Department of Justice's own data confirms what this means. According to a 2023 DOJ analysis, inmates with a Low or minimum "PARTTERN" score have a general recidivism rate of just 12% far

below the rates for (35%) and high-risk (58%) inmates. See: U.S. Dep't of Justice Nat'l Inst. of Justice, FSA: A review of the PATTERN Risk Assessment tool (Apr. 2023).

The U.S. own analytical tool has determined that I am among the least likely individuals in the entire prison system to reoffend.

My personal commitment to change is also demostrated by my extensive participation in rehabilitative programming. I have successfully completed numerous educational and self-improvement courses.

## II. STATEMENTS OF LAW

1. On November 1, 2025, the Amendment 3b1.1 became effective and retroactive, this would reduce defendants offense level by two, four, or six points and this would apply retroactive. The First Step Act's Amendment to 18 U.S.C. section 3582, provides an example of such a specific authorization. Section 3582(c)(2), authorizes District Court's to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, in which is applicable to petitioner.

2. Section 3582(c)(2), of Title 18, United States Code, provides that in the case of a defendant who has been sentence to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. section 994(o), upon motion of the defendant or the Director of the Bureau of Prison, or on its own motion, the court may reduce the term of imprisonment, after the considering the factors set for in section 3553(a), to extend that they are applicable, if such reduction is consistent with applicable policy statement's issue by the Sentencing Commission.

3. The Court should take in consideration the tool that the BOP's use to determinate the "Risk Assessment - PATTERN", as follow; Initial Assessments
- PATTERN is a tool that assesses the likelihood of recidivism, categorized as: high, Medium, Low, minimum.
- Current age and criminal history are the major factors impacting the risk level.
- There are four point scales for risk categories: general male, violent male, general female, violent female.

Periodic Reassessments
- Needs are automatically reassessed during regularly scheduled program reviews. These occur every 180 days, or every 90 days

(When within 1 year of release).
- Completed programs (decrease points) and (increase points) are the primary factors for the risk Level reassessments.
    1. Current age
    2. Walsh with conviction
    3. Violent offense
    4. Criminal history points
    5. History of escapes
    6. History of violence
    7. All incident reports
    8. Serious incident reports
    9. Time since last incident report
    10. Time since last serious incident report
    11. FRP Refuse
    12. Education score
    13. Drug program status
    14. Programs completed (select)
    15. Work programs

Under the discretion of the Honorable Judge, the Court should makes two determinations deciding whether or not to modify a sentence under 18 U.S.C. section 3582(c)(2). First, what sentence would have been imposed had retroactive Amendment been in effect at the time the defendant was sentenced; Second, leaving untouched all the others

previous factual decisions concerning the particularized sentencing factors, what sentence it would have imposed, had the new sentencing range been the range at the time of the original sentence. See, United States v. Wyatt, 115 F. 3d 606, 609 (8Th Cir.); United States v. Cannon, 2024 U.S. Dist. LEXIS 238957, November 19, 2024.

## CONCLUSION

Wherefore, for the above mentioned reasons, petitioner is entitled to a reduction of sentence under section 2D1.1, section 3B1.2, and section 1B1.10(d), which they are retroactive. This Honorable Court should Grant the reduction of sentence under this new Amendment made retroactive.

Thank You,
Respectfully Submitted

Hevert Julian Goday
BOP #
FCI-Miami Low
Date: January 21, 2026   P.O. Box 779800
Miami, FL 33177

Hevert Julioar Cadena BOP#
Federal Correctional Institution
P.O. Box 779800
Miami, FL. 33177

Court Clerk
United States District
For the Southern District of Fl
Wilkie D. Ferguson Jr., U.S. Courth
400 North Miami Avenue, Room 8
Miami, FL. 33128

22 JAN 2026

REC'D BY _____ D.C.
JAN 27 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI