UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-CR-20731-MOORE

UNITED STATES OF AMERICA

v.

HEVERT JULIAN GODOY BENALCAZAR,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT

Defendant Hevert Goodoy Benalcazar ("Godoy" or "Defendant") moves this Court seeking a reduction of his sentence pursuant to the new amendment that went into effect on November 1, 2025 to the U.S. Sentencing Guidelines ("USSG") (DE 109). Godoy suggests he is entitled to either a "two, four, or six point" reduction of his offense level. The Court should deny his motion as the specified amendments are nonretroactive.

## RELEVANT BACKGROUND[1]

On October 15, 2019, the United States Government Marine Patrol Aircraft detected a self-propelled semisubmersible ("SPSS") approximately 180 nautical miles south of the Costa Rican/Panamanian border in international waters. The U.S. Coast Guard Cutter ("USCGC") *James* launched a helicopter, an unmanned aerial surveillance vehicle, and two smaller vessels to intercept the SPSS vessel.

During the investigation, a smaller USCG vessel, an Over the Horizon ("OTH"), gained

---

[1] The facts in this section are taken from the offense conduct section of the pre-sentence investigation report.

1

positive control of the SPSS vessel in international waters. The OTH boarding team located three individuals on board the SPSS vessel, including Godoy.

The boarding team conducted a full boarding and recovered multiple electronic devices and 57 packages of contraband, which tested positive for cocaine. The total weight of the cocaine was approximately 1,140 kilograms.

A grand jury sitting in the Southern District of Florida returned an Indictment charging Godoy and his two coconspirators with conspiracy to possess five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(b) (DE 7). Prior to sentencing, the United States Probation Office (USPO) prepared a Presentence Investigation Report ("PSI"). Defendant's guideline range was 235 to 293 months' imprisonment (PSI ¶ 46). The Court ultimately sentenced Defendant to 240 months' imprisonment (DE 227:3).

Defendant now files the instant motion, seeking a sentence reduction pursuant to the new 2025 amendments to the USSG (DE 109). Defendant is serving his sentence at FCI Miami with an anticipated release date of February 19, 2032. *See* www.bop.gov/inmateloc.

## **ARGUMENT**

Defendant asks this Court to reduce his offense level "by two, four, or six points", thereby reducing his sentence, based on the 2025 Amendment to the USSG (DE 109:3). His motion refers to the 2025 two-part amendment on the operation of Section 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking; Attempt or Conspiracy). Part A, Subpart 1 of this amendment revises the mitigating role cap provisions in Section 2D1.1 drug trafficking offenses to set a cap of either 32 or 30 depending on the role adjustment received under Section 3B1.2. *See*

§2D1.1(a)(5) and https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf.

However, the 2025 USSG amendments are not retroactive. Indeed, none is included as a covered amendment under the policy statement.[2] *See* USSG § 1B1.10(d); *see also Delgado v. United States,* No. 8:25-cv-3034-WFJ-CPT, 2025 WL 3096846, at *1 (M.D. Fla. Nov. 6, 2025), citing *United States v. Kuot*, No. 4:20-cr-3130, 2025 WL 3079996, at *1 & n.1 (D. Neb. Nov. 3, 2025) (noting that recent guideline amendments regarding "mitigating role adjustments in drug trafficking cases" have not "been applied retroactively yet"). Accordingly, this Court must deny Defendant's motion, as he is ineligible for relief under the new amendment.

Because the amendment in question is not retroactive, Defendant has no avenue for relief. A court may only grant a sentence reduction based on a guidelines amendment that the Sentencing Commission has expressly given retroactive effect. *See United States v. Terry*, 758 Fed.Appx. 888, 890 (11th Cir. 2019), *citing Dillon v. United States, 560 U.S. 817, 826 (2010)* ("A court's power under § 3582(c)(2) ... depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003)* (establishing a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10[d].") (emphasis in original).

For the reasons stated herein, the Court should deny Defendant's motion.

---

2    In August 2025, the Sentencing Commission held a public hearing on "whether to designate as retroactive certain 2025 guideline amendments," including the mitigating-role amendment at issue here. United States Sentencing Commission, Public Hearing on Retroactivity, https://www.ussc.gov/policymaking/meetingshearings/public-hearing-august-6-2025 (last visited November 26, 2025).

3

                            Respectfully submitted,

                            JASON A. REDING QUIÑONES
                            UNITED STATES ATTORNEY

By:    *s/ Carolina Perez Schmerold*
         Carolina Perez Schmerold
         Assistant United States Attorney
         Florida Bar No.: 1003503
         99 Northeast 4th Street
         Miami, Florida 33132
         Carolina.perez@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to *pro se* defendant Hevert Julian Godoy Benalcazar, Reg. No. 51334-018; FCI Miami, Federal Correctional Institution, P.O. Box 779800, Miami, FL 33177.

                                                      *s/ Carolina Perez Schmerold*
                                                        Carolina Perez Schmerold